# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRISTAR PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOVEL BRANDS LLC, <br><br> Defendant. | C.A. No. 17-43 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Tristar Products, Inc. ("Plaintiff" or "Tristar"), brings this action against defendant Novel Brands LLC ("Defendant" or "Novel Brands"), and in support thereof avers the following:

## PARTIES

1. Tristar is a Pennsylvania corporation that maintains its principal place of business at 492 Route 46 East, Fairfield, New Jersey 07004.

2. Tristar is the assignee of U.S. Patent No. D772,641 (the "'641 Patent"), protecting the design of a pan for use in cooking. Tristar utilizes the design that is protected by the '641 Patent in its highly successful "COPPER CHEF" square pan. The COPPER CHEF pan has been the subject of extensive promotion and has attained immense success in the marketplace. A copy of the '641 Patent is attached as **Exhibit A**.

3. On information and belief, Novel Brands is a limited liability company organized within the state of New Jersey and having its principal place of business at 333B route 46 West, Ste 140, Fairfield, New Jersey 07004.

4. On information and belief, Novel Brands is a direct competitor to Tristar and has launched a "Copper Pro Square Pan" product (the "Accused Product" or the "Copper Pro") that is a direct knockoff of the genuine COPPER CHEF product despite Novel Brands having no right to use the design protected by the '641 Patent.

5. Novel Brands sells the Accused Product, for example, through the following website: https://www.neweasy.com/product/copper-pro-square-pan/

6. A side-by-side comparison of the products reveals the extent to which Tristar's protected design has been appropriated by Novel Brands and the infringing nature of Novel Brands' Copper Pro.

| Genuine Tristar COPPER CHEF Product | Novel Brands Copper Pro | Design of '641 Patent[1] |
|---|---|---|
|  |  |  |

## JURISDICTION AND VENUE

7. This is an action for patent infringement based upon and arising under the patent laws of the United States 35 U.S.C. § 101 *et seq.*, including §§ 271, 281, 283, 284, 285.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), and 1338 (patent actions).

---

[1] The image below is a copy of Fig. 1 of the '641 Patent as filed with the United States Patent and Trademark Office.

9. This Court has personal jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391(b) and (c) and § 1400(b). Novel Brands has committed acts of infringement in this District, and this action arises from those acts. Upon information and belief, Novel Brands has regularly engaged in business in this State and District and purposefully availed itself of the privilege of conducting business in this District, for example, by offering for sale and selling the Accused Product in this District.

## THE PATENT INFRINGED

10. On November 29, 2016, inventors Keith Mirchandani and Mo-Tsan Tsai were duly and legally issued United States Letters Patent D772,641 for an ornamental design entitled "PAN." A true and correct copy of the '641 Patent is attached as Exhibit A.

11. Plaintiff is the co-owner by assignment of all rights, title, and interest in and to the '641 Patent with standing to enforce said patent, and is the co-owner thereof with Ke M.O. House Co., Ltd.

12. Upon information and belief, Novel Brands has infringed, and continues to infringe, the '641 Patent.

## COUNT I - PATENT INFRINGEMENT

13. Upon information and belief, Novel Brands has infringed, and continues to infringe, the '641 Patent, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling and/or importing, within this judicial district and elsewhere in the United States, without license or authority from Plaintiff, products that fall within the scope of the '641 Patent, including at least the Copper Pro.

14. Upon information and belief, Novel Brands has actively induced and is actively inducing infringement of the '641 Patent in violation of 35 U.S.C. § 271(b), by actively and

knowingly aiding and abetting others to directly make, use, offer for sale, sell and/or import within this judicial district and elsewhere in the United States, without license or authority from Plaintiff, products falling within the scope of the '641 Patent, including at least the Copper Pro.

15. Plaintiff has and will continue to be injured by Novel Brands' past and continuing infringement of the '641 Patent and is without adequate remedy at law.

16. Upon information and belief, unless enjoined, Novel Brands will continue to infringe the '641 Patent, and Plaintiff will suffer irreparable injury as a direct and proximate cause of Novel Brands' conduct.

**DEMAND FOR RELIEF**

**WHEREFORE,** Tristar respectfully requests that this Court enter judgment in its favor and against Novel Brands, and that it grant Tristar the following relief:

(a) A judgment under 35 U.S.C. § 271 that Novel Brands' Copper Pro infringes the '641 Patent;

(b) An order under 35 U.S.C. §283 preliminarily and permanently enjoining Novel Brands from infringing the '641 Patent;

(c) An award of damages under 35 U.S.C. § 284 adequate to compensate Tristar for Novel Brands' infringement of the '641 Patent and an accounting to determine the proper amount of such damages;

(d) Enhanced damages as a result of Novel Brands' willful, wanton, and deliberate acts of infringement;

(e) An award pursuant to 35 U.S.C. § 284 of costs, prejudgment, and post-judgment interest on Tristar's compensatory damages;

      (f)      An award pursuant to 35 U.S.C. § 285 of Tristar's attorneys' fees incurred in this action;

      (g)      An order directing the recall and destruction of any and all existing Novel Brands products that infringe the '641 Patent; and

      (h)      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated: February 1, 2017                  Respectfully submitted,

**PLAINTIFF TRISTAR PRODUCTS, INC.**

By its attorneys,

/s/ Jeffrey K. Techentin
Jeffrey K. Techentin [No. 6651]
jtechentin@apslaw.com
Brenna Anatone Force [No. 8555]
bforce@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: 401-427-6147
Fax: 401-351-4607

5

851160.v1